## HATFIELD *vs.* SNEDEN.

A devise to a person in language which would ordinarily convey the whole estate, and a subsequent provision that, upon a contingent event, the estate thus given shall go to another person, is not repugnant. The latter clause controls the former, and the general words of conveyance are to be understood in a qualified, and not in an absolute sense.

A testatrix devised her real estate to her daughter E. A. and if E. A. " should never have any children, or a child living at her decease," she devised the same to H., his heirs and assigns. E. A. married S. and had one child, which died before its mother. E. A. made a will, devising the land to S., and died. *Held* that E. A. took nothing more than a life estate, which was to be turned into a fee only by her having a child living at her death; and that upon her death without issue living, H. took an absolute estate in fee.

*Held, also,* that S. was not entitled to a tenancy by the curtesy, in the lands.

The husband takes his estate of tenancy by the curtesy through the wife, and when her right is determined, by the happening of an event which defeats its further continuance, his right should also be determined. *Per* J. F. BARNARD, J.

THIS was an action to recover the possession of certain real estate described in the complaint. The premises in question formerly belonged to Mary Wood, who died in January, 1854, leaving a will, by which she devised as follows: "First. After all my just and lawful debts are paid and discharged, I give, devise and bequeath to my beloved daughter, Elizabeth Ann Wood, all of my real estate that lays in the town of Northfield, and in the town of Castleton, with all my personal property of every description, for her to have, & her heirs and assigns forever, providing that my son Isaac Bogott should not return to the said county, who has been gone three years or more, and it is supposed that he is lost at sea; but if it should be otherwise, and my son Isaac should be living, and return to the said county, it's my will for my said son and daughter before named, to have and share equally and alike in my real and personal estate before mentioned, after my just debts are paid as aforesaid; and I do herein direct, if my said daughter Elizabeth Ann *should never have any children, or a child living at her decease,* it's my will herein also to direct, if my said son should not

return, I give and bequeath all my real estate to Jacob Hatfield, for him to have and to hold, his heirs and assigns forever."

It was proved on the trial, that the testatrix died seised and possessed of the premises in controversy, and that her will was duly proved as a will of real estate, before the surrogate of Richmond county. It was further shown that Isaac Bogott in said will named, the son of said Mary Wood, never returned to Richmond county, and is still believed to be dead. That Elizabeth Ann, the daughter named in said will, entered into possession of the premises, under the will, and retained the same, claiming ownership up to her death. That she intermarried with the defendant, Samuel Sneden on or about the 25th of August, 1858, and died on the 12th day of March, 1861, leaving no children her surviving. That the defendant was in possession of the premises at the time of the death of said Elizabeth Ann, and has ever since continued in possesssion, and declined to give possession to the plaintiff. That said Elizabeth Ann Sneden, during her coverture, and on the 2d day of March, 1861, had a child of said marriage, by the defendant, which died before her, on the 9th day of March, 1861. That said Elizabeth Ann Sneden left a will, duly executed, by which she devised and bequeathed all her property, real and personal, to her husband, the defendant. Upon this evidence, and under the direction of the court, the jury found a verdict for the plaintiff, subject to the opinion of the general term.

*C. W. Sandford,* for the plaintiff. I. The devise over to Hatfield, in the event of Elizabeth Ann having no child living at her decease, was good as an executory devise, and the contingency on which it took effect must happen within two lives in being. It was consequently a good expectant estate, under the revised statutes. (1 *R. S.* 723, 724, §§ 16 *to* 26. *Norris* v. *Beyea,* 3 *Kern.* 273. *Fosdick* v. *Cornell,* 1 *John.* 439. *Anderson* v. *Jackson,* 16 *id.* 372. *Vedder* v. *Evert-*

*son,* 3 *Paige,* 281. *Maurice* v. *Graham,* 8 *id.* 484.) (1.) In *Heard* v. *Horton,* (1 *Denio,* 165,) the devise over to " the heirs of Jno. B. Horton," was upon the contingency that Jonathan, the first devisee, "should die without issue at his decease." This was held a good executory devise. The court say: "The words do not import an indefinite failure of issue, but a failure at the death of the first taker. Such a limitation is not against the rule of pepetuities. If the devise is ever to take effect, it will do so at the expiration of the life of the first devisee, and the estate is sure to vest somewhere absolutely at that time. It can only be necessary to state this principle. It is too well settled to admit discussion." (4 *Kent,* 271–81, *where the authorities are collected.*) (2.) In *Norris* v. *Beyea,* (3 *Kern.* 273,) it was decided that when after an absolute devise of the whole estate in fee, there is, by a subsequent clause in the same will, a limitation over in case of the first devisee dying under age, and without issue, the gifts are not repugnant, but the latter is a valid executory devise. (*Reversing* 16 *Barb.* 416, *and explaining Paterson* v. *Ellis,* 11 *Wend.* 259. *Trustees Theo. Sem.* v *Kellogg,* 16 *N. Y. Rep.* 83.)

II. The intent of the testator must govern, if free from ambiguity. In this case the will clearly provides that if the daughter should never have any children, or should not have a child living at her decease, *in either case,* the estate should go to the plaintiff. There can be no doubt here of the intent of the testator, that if her daughter had a child or children, and such child or children should not be living at her decease, the estate should vest in Hatfield. Any other construction would be an absurdity.

III. The word *or* is never changed to *and,* and *vice versa;* except to carry out the obvious intent of the testator. The rule is well settled that *or* is to be read *and,* and *and* is to be taken for *or,* as may best comport with the intent and meaning of the grant or devise. (*Roome* v. *Phillips,* 24

Hatfield *v.* Sneden.

*N. Y. Rep.* 470. *Roosevelt* v. *Thurman,* 1 *John. Ch.* 220. *Pond* v. *Bergh,* 10 *Paige,* 152. *Van Vechten* v. *Pearson,* 5 *id.* 514.)

*M. Hale,* for the defendant. I. The plaintiff takes no estate under the will of Mary Wood. 1. If the limitation over to the plaintiff is not altogether void for uncertainty, it was to take effect only in case Elizabeth Ann "should never have any children." This is one of the contingencies which should happen, in order to entitle Hatfield to take. The word "or," as here used, is frequently construed as "and." (*Jarman on Wills,* 444.) 2. The construction contended for by the plaintiff is in derogation of the estate of the heir for the benefit of a stranger. Such a construction is not favored, nor will it be adopted unless the intent to exclude or limit the estate of the heir is clear and manifest. (*Areson* v. *Areson,* 3 *Denio,* 458. *Sherry* v. *Lozier,* 1 *Bradf.* 437, 450.) And if an executory devise or contingent limitation is void from any cause, the prior devise is absolute. (1 *Jarman on Wills,* 783. *Church in Brattle Square* v. *Grant,* 3 *Gray,* 156, 157. *Jackson* v. *Noble,* 2 *Keen,* 590.)

II. If, however, the limitation over to Hatfield be considered valid, and the contingency upon which it was to take effect to have occurred, we claim that the defendant has, notwithstanding, a life estate in the premises in question, as tenant by the curtesy. An immediate estate in fee, defeasible on the taking effect of an executory limitation, has all the incidents of an estate in fee simple in possession, such as curtesy, dower, &c. the devisee having the inheritance in fee subject to a possibility. (*Buckworth* v. *Thirkell,* 3 *Bos. & P.* 652, *note a.*) 1. The proposition established in the above cited case is correct upon principle. (*a.*) The general rule is that where a man marries a woman seised at any time during coverture of an estate of inheritance in lands, and has issue by her born alive, which might by possibility inherit such estate as heir

to her, the husband shall, after her death, hold the lands for his life as tenant by the curtesy. (4 *Kent's Com.* 27.) (*b.*) A contingent limitation (whether in the nature of an executory devise or otherwise) stands upon a different footing from an estate upon condition. An estate upon condition is where a vested right is left in the grantor, which is by its nature reserved to him or his heirs; and upon the happening of the condition the old paramount title is re-assumed. Where there is a contingent limitation, on the other hand, the whole interest passes from the grantor at once, and the happening of the contingency merely shifts the estate from one person to another. A grant of a fee upon condition, therefore, creates an estate of an inferior character, leaving the right or possibility of reverter in the grantor; and upon the happening of the condition, the estate, with all its incidents ceases, because the estate is avoided *ab initio.* But in case of an estate in fee determined by a contingent limitation, the first taker having had a fee simple absolute, subject only to a contingency, the incidents of a fee simple are not defeated by the happening of the contingency. (1 *Hilliard on Real Property,* 80. 4 *Kent's Com.* 32, 33, 128. *Church in Brattle Square* v. *Grant,* 3 *Gray.* 148.) (*c.*) Another statement of the principle is, that where the wife is seised of an inheritance, and it is determined either by the death of her issue or by any event subsequent to such seisin where it is not avoided *ab initio,* the right to curtesy is not defeated by the happening of such event. (*Mr. Roper, in* 2 *Bright's Husband and Wife,* 462, *appendix. And in case of tenancy in tail, see Pagne's case,* 8 *Co.,* 67.) (*d.*) By the ancient common law no estate could be limited over after a limitation in fee simple, and in such case the estate became absolute in the first taker. The rule was afterwards relaxed so far as to render such gifts valid by way of executory devise. (4 *Kent's Com.* 264.) But upon the terms that the limitation over should not impeach the title of husband or wife of the former donee to the curtesy or dower. (3 *Preston on Abstracts,* 375.)

2. The weight of authority is overwhelmingly in favor of the principle established in *Buckworth* v. *Thirkell.* That case was decided by Lord Mansfield in 1785, and though it has been assailed by some few elementary writers, it has always been followed in England, and must be conceded to be the settled law there. The principal writer who has criticised Lord Mansfield's decision is Mr. Park, in his work on dower. His views are cited as authority for a decision recently rendered by this court at special term, in which the learned judge who gave the decision expressed much doubt, but arrived at a conclusion adverse to the doctrine of *Buckworth* v. *Thirkell.* (*See Weller* v. *Weller,* 28 *Barb.* 588.) His attention appears to have been called to the decision in *Moody* v. *King,* and the other authorities hereafter cited. Mr. Park himself, however, considered Lord Mansfield's decision as law, till it should be reconsidered and overruled by some competent jurisdiction, and closes his observations on the case by saying that his remarks can have no other influence than as they tend to show that there is a possibility that that decision may not be followed. (*Park on Dower,* 186.) Mr. Park's work was published in 1819. In 1825 the question came before the court of common pleas, and the doctrine of *Buckworth* v. *Thirkell* was unanimously re-affirmed. (*Moody* v. *King,* 2 *Bing.* 447.) And most of the elementary writers adopt and approve these decisions. (*Roper; see* 2 *Bright's Husb. and Wife, appendix,* 465 ; 2 *Powell on Devises,* 247 ; 3 *Preston on Abstracts,* 373 ; 1 *Jarman on Wills,* 792 ; 1 *Hilliard on Real Property,* 80 ; 1 *Washburn on Real Property,* 135.) Cruise in his Digest, (*title* 38, *ch.* 17, §§ 27, 28,) gives the case of *Buckworth* v. *Thirkell* at length, without disapproval. Chancellor Kent says : "The cases of an estate tail, determining by failure of issue, *and of a fee determining by executory devise,* or springing use, are exceptions to the general rule denying curtesy or dower after the determination of the principal estate." (4 *Kent's Com.* 33, *citing Buckworth* v. *Thirkell.*) The

Hatfield *v.* Sneden.

supreme court of Pennsylvania, in a case substantially the same as this, has recently (1860,) after full discussion and citation of authorities, unanimously sustained the doctrine of *Buckworth* v. *Thirkell*, and adjudged the husband to be entitled to his curtesy. (*Thornton's Executors* v. *Krepps*, 37 *Penn. Rep.* 391.) On the contrary, we have been able to find no adjudged case in England or America (except *Weller* v. *Weller*,) in which Lord Mansfield's decision has been disapproved, and it is respectfully submitted that a doctrine so long established, and so well settled, ought not to be overturned, even if the court should be of the opinion that the rule ought originally to have been otherwise. No principle of equity is violated in following the old decisions. The question is one to which the rule of *stare decisis* is peculiarly applicable.

III. We have assumed, in the preceding point, that the right of tenancy by the curtesy still exists, and was not abolished by the married women's acts of 1848 and 1849. It is well settled, that where the wife does not avail herself of the provisions of those acts, and convey her estate during her lifetime, her husband is entitled to curtesy in the same cases as before those statutes were enacted. (*Hurd* v. *Cass*, 9 *Barb.* 366. *Clark* v. *Clark*, 24 *id.* 581. *Lansing* v. *Gulick*, 26 *How.* 250. *Jaycox* v. *Collins*, *Id.* 496. *Beamish* v. *Hoyt*, decided in April, 1864, *Gen. Term Superior Court*, reported in *N. Y. Transcript*, Sept. 23, 1864. And see *Ransom* v. *Nichols*, 22 *N. Y. Rep.* 110.)

*By the Court*, J. F. BARNARD, J. All parts of a will, or other instrument, must be taken together in ascertaining its meaning, and no part rejected if the whole can fairly stand. (*Sweet* v. *Chase*, 2 *Comst.* 73.)

A devise to one person in language which would ordinarily convey the whole estate, and a subsequent provision that upon a contingent event the estate thus given shall go to another person, is not repugnant. The latter clause controls the former, and the general words of conveyance are to be

understood in a qualified and not in an absolute sense. (*Norris* v. *Beyea*, 3 *Kernan*, 273.)

Catharine Sneden, the wife of the defendant, took nothing more than a life estate, and the plaintiff takes an absolute fee, on her death. Notwithstanding this result, is the defendant entitled to a tenancy by the curtesy in the lands, and was there seizin of the wife of an estate of inheritance? It is claimed by the defendant that *Buckworth* v. *Thirkell*, (3 *Bos. & Pul.* 652, *n.*) is an authority in his favor, on this point. I do not think the cases quite similar. In that case the wife had an estate, but it was only liable to be defeated in case she died before arriving at the age of twenty-one years. She died before that age, and the husband was held to be entitled to a tenancy by the curtesy. Here, from the will taken together, she takes at no time but a life estate, which is to be turned into a fee only by her having a child living at her death. This condition has never happened, and at no time has she had an estate of inheritance, to be defeated by the happening of a subsequent condition, as in the case of *Buckworth* v. *Thirkell*.

Besides, the case of *Weller* v. *Weller*, (28 *Barb*. 589,) conflicts with that case. It is there decided that when the estate of the husband is determined by the happening of an event which defeats its further continuance, the estate in dower must be determined with it. This seems much more reasonable and just. The husband takes his estate of tenancy by the curtesy through the wife, and when her right is determined his should also be determined. There is no estate from which his tenancy by the curtesy can attach.

Judgment for the plaintiff, on the verdict, with costs.

[Kings General Term, December 12, 1864. *Lott, Hogeboom* and *J. F. Barnard*, Justices.]