WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—June, 1883.

## CROMWELL v. KIRK.

### *In the matter of the estate of* GEORGE W. RICHARDSON, *deceased.*

Testator, by his will, gave the residue of his estate, consisting of real and personal property, "unto A. (his adopted daughter) . . . . . to her and her child or children. Should the said A. die without leaving any child or children, then the above legacy to be given to G. (A.'s husband), to him and his heirs forever." A. having died intestate, leaving two children, it was contended that G. took one third of such personal property left by A., and became tenant by the curtesy of such real property. of which she had been seized.—

*Held,* that the children took, as purchasers under testator's will, a remainder after A.'s life estate, and that G. took nothing, his gift over failing

by reason of the occurrence of the death of A., leaving a child or children, her surviving.

Hatfield v. Sneden, 54 *N. Y.*, 280; Clarke v. Leupp, 88 *N. Y.*, 228—distinguished.

LEWIS PERRY, of Claremont, New Hampshire, died in 1866, leaving a will dated in 1861, in and by which, among other things, he gave and bequeathed to his adopted daughter, Ada E. P. Richardson, wife of George W. Richardson, the residue of his estate, by the following provision: "I give and bequeath unto Ada E. P. Richardson, wife of G. W. Richardson, all the remaining property which I may have after my estate has been settled, and all of the above legacies complied with, to her and her child or children. Should the said Ada E. P. Richardson die without leaving any child or children, then the above legacy to be given to G. W. Richardson, to him and his heirs forever."

The residuary estate consisted of real and personal property. The administrator with the will annexed paid to Mrs. Richardson all of the personal estate coming to her. She subsequently died in Westchester county, intestate, leaving some of this personal estate, and some of the real estate devised to her by Mr. Perry, and two children. Her husband administered on her estate, was appointed general guardian of the children, and subsequently died leaving a will, of which Harford B. Kirk was executor. David Cromwell, having been appointed to succeed Richardson as guardian of the minors, cited the executor of Richardson to account for the funds held by the deceased guardian. The executor claimed that Richardson, the husband, having survived his wife,

took an interest in the real estate devised to her by Perry, as tenant by the curtesy; and also one third of the personal estate she derived from the same source. The general guardian disputed this, and claimed that, the mother dying, the children at once took the remainder by virtue of the will of Mr. Perry.

M. G. HART, *for general guardian.*

W. J. OSBORNE, *for executor.*

THE SURROGATE.—I think nothing can be plainer than the intention of the testator, Perry, to give the residue of his estate to his adopted daughter, Mrs. Richardson, and then to her child or children, if she died leaving any. She did leave two surviving her. It was only in the event of her leaving none, that the executory devise to her husband was to take effect. The Supreme Court, in Hatfield v. Sneden (*42 Barb.*, *615*), held that, where the devise and bequest was to a daughter absolutely, and was subsequently qualified by a provision to the effect that, if she had no children, or none living at her decease (which she had not), the real estate was devised to Hatfield, the daughter took a life estate only, with remainder to her issue, if any, as purchasers. The Court of Appeals (*54 N. Y.*, *280*) reversed this decision, holding that the fee was devised to the daughter. Here the estate is given to Mrs. Richardson *and* her child or children. It is limited to "child or children," and is not given to her "heirs and assigns," and the children take as purchasers. It was only, as above remarked, in the event that she left no child, that the executory devise to Mr. Richardson was to take effect. Here the estate of Mrs. Richardson

was not one of inheritance. It does not appear that she was, in any way, of the blood of Mr. Perry, and her interest was, at least, determinable and determined by a limitation, which not only deprived her husband of curtesy, but also deprived him of any share as distributee, because her interest was for life only. Had the clause read "to her and her child or children, or her assigns," the estate created in the wife, as to the real property, would have been a fee simple absolute, as the word "assigns" clearly imports such fee, and she would also have had the absolute ownership of the personal property; but conceiving the plain intention of the testator to have been as indicated. and knowing of no rule of law applicable to the defeat of such intention, I must hold that the estate of George W. Richardson is liable to account to these wards, for property derived under the will of Mr. Perry.

The case of Clarke v. Leupp (*88 N. Y., 228*), and the cases therein considered, are not in point. The wills there criticised and construed contained what are termed precatory words following the bequest. Here, there is no direction, suggestion, advice, or request made, as to how Mrs. Richardson should dispose of the property given to her. It is simply given to her for life, and then to her children, and, in case she left no child, then to her husband.

The accounting will proceed upon the basis above indicated.