Ingalls, J.
The will in question presents upon its face questions of complication, uncertainty and difficulty, sufficient to justify the plaintiff in asking for instruction from the court in regard to the manner in which he should discharge his duties in executing the will as such executor. Such direction necessarily involves a construction of the will, which I proceed to give without unnecessary prolixity, as I understand its provisions, interpreted as an entire instrument and in accordance with what I conclude to have been the intention of the testator as gathered from the will. By such will the testator bequeaths, after the payment of debts and funeral charges, all of his personal and real estate, except a lot which Elizabeth Akin was to occupy, to his wife, to be used and enjoyed by her during her natural life, or until she should marry. Upon the marriage or death of his widow, his daughter Cecilia became entitled to the use and enjoyment, during her natural life, of the estate, real and personal.
The fourth item of the will is not to be construed as standing alone; but in connection with the other provisions of such will, and be interpreted in accordance with what seems to have been the entire scheme devised by the testator, and sought to be effectuated by the draftsman of the instrument.
It is the policy of the law in regard to the construction of wills, to give effect to every part thereof, to the end that every beneficiary shall receive the bounty of the testator according to Ins intention as fairly gathered from the entire instrument. This principle of construction is aptly declared by Judge Allen in Terry agt. Wiggins (47 N. Y., 517), as follows: “ But the will must, if possible, be so interpreted as to reconcile its different provisions and give effect to e^ery part of it, and such construction should be put upon the language consistent with the whole ‘ scope and terms of the *493 will as to accomplish this result.” In my judgment to hold that Cecilia took a fee under the will would render the subsequent provisions meaningless, and defeat the apparent intent of the testator; but regarding her estate merely as a life estate which was obviously intended, all of the provisions of the will become harmonious, and each beneficiary will be protected.
It is worthy of remark that all of the beneficiaries under the will are relatives of the testator and natural objects of his bounty. Every will must necessarily receive construction according to its peculiar provisions, as it is rare that two are found precisely alike in structure. If this view is correct, it follows that at the death of Cecelia, if she had left lawful issue her surviving, such issue would have been entitled absolutely to the estate, real and personal. As Cecilia died without leaving such issue the estate, real and personal, vested in the persons designated in the sixth clause of the will, subject to the payment of the bequest specified in the will. Such I deem to have been the intention of the testator as gathered from the entire will, and I do not think such intention should be defeated by declaring the devise contained in the sixth item repugnant to the devise contained in the fourth item of the will (Norris agt. Beyea,, 13 N. Y., 273; Hatfield agt. Sneden, 42 Barb., 615 ; Terry agt. Wiggins, 47 N. Y., 512; Tyson agt. Blake, 22 N. Y., 558).
It seems to have been the purpose and intention of the testator to consolidate into one fund the real and personal estate, at the death or marriage of his widow, and to bequeath or devise the same accordingly, subject to the satisfaction of the burdens which he imposed upon his estate for the benefit of the persons designated therein to whom he gave certain sums by way of legaev (Lent agt. Howard, 89 N. Y., 169-177). The executor is justified in asking instruction and the complaint can be sustained for that purpose at least (Basty agt. Briggs, 56 N. Y., 407 ; Week agt. Root, 14 N. Y. W. Dig 90; Wager agt. Wager, 89 N. Y., 161).