Terry *v.* Wiggins.

MARY TERRY and others, Appellants, *v.* JOHN W. WIGGINS and another, Respondents.

(GENERAL TERM, SECOND DISTRICT, SEPTEMBER, 1869.)

Where the testator, by his will, devised a certain lot of ground to his widow, " for her sole and absolute disposal," and immediately after gave her all other real and personal estate of which he should die possessed, "for her own personal and independent use and maintenance, with full power to sell or otherwise dispose of the same, in part or in the whole if she should require it or deem it expedient so to do," and then authorized his executors to. pay the residue of his real and personal estate to the trustees of a certain society,—*Held,* that the widow took an estate for life in the real estate secondly devised, with a general power of disposition, and that upon her decease without executing the power, said real estate passed to the second devisee.

And it seems that this is so at common law as well as under the Revised Statutes.

APPEAL from a judgment entered on a decision, after trial, by the court, in an action of ejectment, for premises in Southold, Suffolk county.

The plaintiffs claimed title, as heirs-at-law of Hannah Youngs, as devisee under the will of her husband, Joshua P. Youngs, deceased. The defendants claimed under the same will as the executors thereof. The will was given in evidence upon the trial, and was as follows, viz. :

" I, Joshua Preston Youngs, of Greenport, in the township of Southold and State of New York, being, by the mercy and good providence of Almighty God, in sound and disposing mind and memory, do hereby make and declare this to be my last will and testament, and revoking all other wills at any other former period made by me. And, first, I do hereby give and devise unto my beloved wife, Hannah Youngs, all my Northside lot and the woodland between that and the home lot, together with a lot, eight rods wide, adjoining Dr. Lord's land from the woods to the road.

" The said lots I give for her sole and absolute use and dis- posal. Also I hereby bequeath to my said wife, Hannah

Youngs, all other real and personal estate and effects that I may die possessed of, for her own personal and independent use and maintenance, with full power to sell or otherwise dispose of the same in part or the whole if she should require it or deem it expedient so to do, save and except the sum of five hundred dollars which I shall entrust to her to appropriate according to verbal instructions from me. And on her decease I hereby authorize my executors, hereafter named, to invest whatever residue there may be of personal or real estate and effects in the hands of the trustees of the Congregational Society of Greenport aforesaid, to be by them placed out on good legal security, and the interest to be by them appropriated for the support of preaching the Gospel in the Congregational Church of Greenport aforesaid, so long and provided always that the doctrines there preached are in accordance with the Confession of Faith agreed upon by the Assembly of Divines at Westminster, England, and which were approved by the General Assembly, Anno Domini 1647, and ratified in 1649 and 1690; and I hereby appoint Dr. Frederick W. Lord, of Greenport aforesaid, and J. Wickham Case, of the town of Southold, my executors for carrying out the provisions of the last clause of my will, but do hereby constitute and appoint my dear wife sole executrix during the term of her natural life.

"As witness my hand, this twenty-third day of June, in the year of our Lord one thousand eight hundred and fifty-seven.

"JOSHUA PRESTON YOUNGS."

The testator died in 1862; his wife died in 1868, without having sold any of the testator's real estate, except the lot. particularly described in the first devise. The premises in question were included in the second devise.

*William Wickham,* for the appellants.

*J. Lawrence Smith,* for the respondents.

Present—Joseph F. Barnard, Gilbert and Tappen, JJ.

By the Court—GILBERT, J. This was an action to recover the possession of certain real estate devised by the will of Joshua Preston Youngs, to his widow, Hannah Youngs. The plaintiffs claimed as heirs-at-law of said Hannah. The sole question in the case is, whether this devisee took an estate in fee, or only a life estate in the *locus in quo.* In the first clause the testator gives to his said wife all of two lots of land particularly designated, and declares that "the said lots I give for her sole and absolute use and disposal." By the second clause he gives to his said wife, "*all* other real and personal estate and effects, that I may die possessed of, for her own personal and independent use and maintenance, with full power to sell or otherwise dispose of the same *in part* or the whole, *if she should require it* or deem it expedient so to do." This part of the second clause is followed by a direction that, on her decease, "I hereby authorize my executors hereafter named to invest whatever residue there may be of personal or real estate, or effects in the hands of the Congregational Society of Greenport, to be by them placed out on good legal security, and the interest to be by them appropriated for the support of preaching the Gospel." He then appointed two executors " for carrying out the provisions of the second clause " of his will, and appointed his wife sole executrix during her natural life.

It is contended on behalf of the plaintiffs, that the gift over is void for the reason, that it is repugnant to the preceding devise of the same lands to the wife. There is a class of cases, where a limitation over after a preceding estate has been held inoperative and void by reason of the first estate being constructively a fee. The question in such cases grows out of the character of the first estate, that is whether it is determinable or not. If the first taker has the *absolute* right and power to dispose of the estate ; that is, the right and power to sell and convey it in his lifetime, and to devise it by will, it is construed to be an unqualified gift to him, and the devise over will be void. (*Atty.-Gen.* v. *Hul. Fitzg.*, 314; *Jackson* v. *Bull*, 10 J. R., 19; *Same* v. *Robbins*,

15 J. R., 169; *Same* v. *Delancey*, 13 J. R., 537; *Ide* v. *Ide*,
5 Mass., 500; *Ramsdell* v. *Ramsdell*, 21 Me., 288.) But it
has also been held that if the power of disposal in the first
taker is merely a technical power of appointment and not a
right to dispose of the estate as his own property, a limitation
over is good as an executory devise, though if such power were
executed it would leave nothing to pass by the devise over.
(*Truclinson* v. *Dighton*, 1 P. Wms., 171; *Sewed* v. *Birdeye*, 17
Pick., 339 ; *Rubey* v. *Burnett*, 12 Mo., 1; *Reid* v. *Arngold*,
10 Ves., 370.) And when upon a proper construction of the
will it appears that it was the intention of the testator to
qualify and restrain the first gift, the limitation over is good
as an executory devise. (*Porter* v. *Bradley*, 37 R., 143;
*Upswall* v. *Hall*, 1 P. Wms., 651; *Smith* v. *Bell*, 6 Pet.,
68; *Norris* v. *Beyea*, 3 Ker., 273; *Trustees* v. *Kellogg*, 16
N. Y. R., 93.) The circumstance that the first taker had it
in his power to dispose of the whole estate, and thus to defeat
the limitation over, was never of itself conclusive when a
contrary intention appeared from the will; but now it is
expressly provided by statute (1 R. S., 725, § 33) that an
expectant estate shall not be adjudged void, because it may
be defeated in that way. The intention of the testator must,
in all cases, be carried out if such intention can be ascer-
tained from the will, and in no case can the intention thus
ascertained be defeated upon any technical construction of the
language employed. We think the testator, in this case, did
not intend to give his widow such an absolute power of dis-
position as brings the case within the rule which avoids limi-
tations over for repugnancy. This will appear pretty clearly
by comparing the two devises. The first is a gift of a lot
"*for her absolute use and disposal.*" The second is a gift
"for her own *personal* use and maintenance, with power to
sell if she should require it;" that is, to pay for her mainte-
nance, "*or deem it expedient ;*" that is to say, for the proper
management of the estate. This is not inconsistent with a
devise to her for life, and no repugnancy arises except upon
a construction of the will, which makes this devise a fee by

force of the language employed, and without inquiry as to the intention of the testator. (*Doe* v. *Glover*, 1 M. G. & S., 447.) In this case the devise was "unto my son Mordecai Glover and his heirs and assigns forever; but in case my said son shall happen to depart this life without leaving any issue of his body lawfully begotten, then living or being no such issue, and he my said son *shall not have disposed and parted* with his interest in the property, &c., devised, I give and devise the same unto and to the use of my illegitimate daughter Ann Stevenson, of, &c., and of her heirs and assigns for ever."

Mordecai Glover, the son, devised the estate to his wife, who was the defendant in the action. Ann Stevenson, the second devisee died intestate, and her son and heir-at-law was the lessor of the plaintiff. The court held unanimously that the gift over, was good as an executory devise, that there was nothing in it that was repugnant to or inconsistent with the prior devise; that the son might have prevented the devise over from taking effect by disposing of the property in his lifetime, but that in the event of his not exercising that power, the estate was given over, and nothing remained for him to part with by his will. The case is put upon the intention of the testator. To the same effect are the cases before cited, from 1 P. Wms., 6 Peters, and N. Y. R.

Such also is the rule established by the statutes of this State, when the first devisee takes an estate for life only, although such devisee is at the same time vested with a general and beneficial power to sell the lands devised. For the statute relative to powers has qualified the effect formerly given to power of disposition in cases like this case, by making the estate thus created absolute only in respect to the rights of creditors and purchasers, and subject to the limitation over, in case the power should not be executed or the lands should not be sold for the satisfaction of debts. (1 R. S., 732, §§ 81, 82, 83, 84, 85.) If, therefore, the devise in the second clause to the wife had contained the words, "during her life," there can be no doubt that by force of this

Terry v. Wiggins.

statute the limitation over would be valid. The same result will follow, if the whole will manifests an intention on the part of the testator to pass an estate or interest less than the words import. For the statute which has destroyed the old rule, making words of limitation or restriction requisite to the creation of a fee by devise, is by its terms rendered inoperative, when the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the devise. (1 R. S., 748, § 1.)

The sole question, therefore, upon the whole case is, whether it was the intention of the testator to give his widow an estate for life, with a general power of disposition to be exercised in her lifetime, and in case the power should not be exercised to give the estate or that part of it which should remain undisposed of to the second devisee named.

We are of opinion, that such was the intention of the testator, and that the limitation over is good as an executory devise, both at common law and by virtue of our own statute; that such was clearly the intention of the testator, and that it can be defeated only by expunging the last part of the second clause of the will. We are not at liberty to do this upon the mere ground of a repugnancy, arising out of the intention of the testator to permit his wife to use and dispose of the estate for her maintenance, for upon the principle laid down in the cases last referred to, and which is also declared in the eighty-seventh section of the Statute of Powers before cited, effect can be given to this intention and the secondary gift be preserved.

For these reasons the judgment appealed from must be affirmed with costs.

Judgment affirmed.