## CAMBRIDGE LIVINGSTON, executor, &c., *vs.* AGNES MURRAY, impleaded, &c.

A testator, by his will, divided the rest and residue of his estate equally among his children and the lawful issue of such of them as might die before the period of his own decease. He then declared it to be his wish that his executors should cause the portion that might belong to his daughters "to be secured for them for their separate use during their natural lives free from the control of any husband. * * And in case of their dying without issue, such portion of their said property as may remain at the time of her or their death, shall revert to her or their surviving brothers and sisters, or to their issue in case of their death, as hereinbefore provided for, subject, however, to the right of such daughter to dispose of one-half of such property,

Livingston *v.* Murray.

by will * * *." A codicil provided for the payment of certain legacies out of the estate not given by the will, and then proceeded to describe the interests designed to be given to the testator's children, because there might be some obscurity in the will as to the title to their portions. He then again gave the residue of his estate, in equal portions, to his children and the lawful issue of such as might die before him, as he previously had done by the terms of the will, to his sons in fee simple and absolutely, and to his daughters, "an estate for life, remainder to the lawful issue of each respectively, if any such they leave, in fee simple and absolutely, subject to the right of my said daughters to dispose of one-half of their share by will, as in my said last will and testament provided." The testator then empowered his executors to rent the real estate, and divide the net income, or balance of the rents, among the parties who would be entitled to the proceeds of the realty if sold; "and in case any of my said daughters die without leaving issue, then such portion of her share as she shall not have devised or bequeathed * * shall pass to her or their brothers and sisters, or to their issue in case of their death, as in said will provided."

*Held,* 1. That the interests provided for the daughters by the will were essentially modified by the language used in the codicil.

2. That the codicil gave to each daughter a life estate in her share, without the right to control or reduce the capital, except by her will, and restrained her power in that respect to one-half the amount of the share provided for her.

3. That this authority over the share was not repugnant to the purpose of limiting the interest of each daughter to a mere life estate.

4. That the testator evidently designed that the shares of the daughters should not go into their possession, or be subjected to their control.

5. That the testator contemplated some disposition of the share of each daughter which would secure it for her use, free from the control of her husband; and that could only be properly effected by the intervention of a trust.

6. That the court had the power to appoint a trustee, to whom the interest of a daughter of the testator, in his estate, should be transferred, and who should hold the same as her trustee, and pay over to her the income thereof during her natural life.

APPEAL, by the defendant, from a judgment entered upon the report of a referee.

The action was brought by the plaintiff as executor of James B. Murray, deceased, for a judicial construction of the will of the said James B. Murray, and a codicil thereto, and for a settlement of the executor's accounts, and a final determination of the rights of the parties interested in the estate. The appellant is a

daughter of the testator, entitled to participate in his estate by the terms of the will and codicil. By the judgment which was entered, her interest was declared to be a life estate merely, in a certain portion of the personal assets under the control of the executor, and they were required to be transferred by him to the New York Life Insurance and Trust Company, to be held by it as her trustee, and the income therefrom paid to her during her natural life. She excepted to the report of the referee directing this disposition of her interest in the estate, and appealed from the judgment entered to carry the direction into effect.

*Joseph H. Choate*, for the appellant.

*Grosvenor P. Lowery*, for the respondent.

*By the Court*, DANIELS, J. It is not claimed, in support of the appeal, that any error intervened as to the amount of the estate which should be appropriated for her use, nor in the selection of the trustee, if one must be provided for her. But it is insisted that the property transferred was absolutely her own under the terms used in the will and codicil, and should have been delivered over to her for her use and enjoyment. By the will which was made by the testator, he divided the final rest and residue of his estate remaining after payment of his debts and funeral expenses, equally among his children and the lawful issue of such of them as might die before the period of his own decease. He then declared it to be his wish that his executors should cause the portion that might belong to his daughters, "to be secured for them for their separate use during their natural lives, free from the control of any husband with whom they have been, or may at any time be, intermarried. And in case of their dying without issue, such portion of their said property as may remain, at the time

of her or their death, shall revert to her or their surviving brothers and sisters, or to their issue in case of their death, as hereinbefore provided for, subject, however, to the right of such daughter to dispose of one-half of such property, by will, in such manner as she may think proper.''

The codicil provided for the payment of certain legacies out of the estate not given by the will, and then proceeded to describe the interests designed to be given to the testator's children, because there might be some obscurity in the will as to the title to their portions. He then again gave the residue of his estate, in equal portions, to his children and the lawful issue of such as might die before him, as he previously had done by the terms of the will, to his sons in fee simple and absolutely, and to his daughters, ''an estate for life, remainder, to the lawful issue of each respectively, if any such they leave, in fee simple and absolutely, subject to the right of my said daughters to dispose of one-half of their share by will, as in my said last will and testament provided.'' The testator then empowered his executors to rent his real estate while it remained unsold, and ''to divide the net income, or balance of the rents, among the parties who would be entitled to the proceeds of said realty if sold, or the benefit thereof, and in case any of my said daughters die without leaving issue, then such portion of her share as she shall not have devised or bequeathed, as herein or therein provided, shall pass to her or their brothers and sisters, or to their issue in case of their death, as in said will provided.''

These are the only clauses of the will and codicil which appear to require consideration in determining the disposition which should be made of this case, and it is entirely evident from them that the interests provided for the daughters, by the will, were materially modified by the language used in the codicil. By the former their shares were required to be secured to them

for their separate use during their natural lives, free from the control of their husbands, and that contemplated the creation of some trust similar to that provided for by the judgment, in order to carry out and secure the purpose of the testator. But it was subject to the right of the legatees to use the capital, as well as the income, of their respective shares. For it was only such portion as remained at the daughter's decease without issue, which was to revert to her surviving brothers and sisters, or their issue; and that, by implication, conferred the right to diminish the share by use during the lifetime of the legatee.

But the codicil expressly reduced and confined the daughters' residuary legacies to mere life estates, in their respective shares, and limited the remainder to the lawful issue in fee simple and absolutely, afterwards, subject only to the right to dispose of one-half the share by will. This deprived the daughters of the right to use any portion of the principal of their respective shares. It was not in case any remainder was left, that the limitation over was to take effect. But the entire remainder was limited to the daughter's lawful issue, if any such issue were left; and if there were none, the share would follow the direction contained in the will and codicil, and revert to the surviving brothers and sisters, or their issue in case of their death. This construction of the terms used in the codicil is confirmed by the provision afterwards contained directing the disposition of the rents while the real estate remained unsold. By that it was declared that such portion of the share of any daughter who should die without issue, as she shall not have devised or bequeathed, as in the will and codicil was provided, should pass to her brothers and sisters, or their issue, in case of their death. This contemplated but one contingency which could by any possibility reduce the share intended to be disposed of, and that was the will of the daughter for whom the

share was provided, which could bequeath not exceeding one-half of it. Subject to that power over it, the remainder was limited in positive terms to the lawful issue of the daughter for whom the life estate was provided, if any such shall survive her, and if not, then to her surviving brothers and sisters, and the issue of such as she may survive. That this was substantially the modification effected by the codicil seems to be clearly indicated by the terms the testator used to express his design. It gave each daughter a life estate in her share, without the right to control or reduce the capital, except by her will, and restrained her power in that respect to one-half the amount of the share provided for her. It was claimed in behalf of the appellant that this authority over the share was repugnant to the purpose of limiting her interest to a mere life estate. But that is very evidently a misapprehension of the effect of the legal and equitable principle relied upon for its support. In order to be attended with that result the power of disposition must be general in its terms, extending to the whole of the fund or interest created for the benefit of the legatee. (*Tyson* v. *Blake*, 22 *N. Y.*, 558, 563. *Terry* v. *Wiggins*, 2 *Lans.*, 272, 275. *S. C.*, 47 *N. Y.*, 512. *Taggart* v. *Murray*, 53 *id.*, 233.) While, in the present case, it could only be made by will, and that was restrained, in express terms, to one-half the share created.

The learned counsel for the appellant insisted, farther, that no authority existed for the creation of a trust for her protection, and that of those entitled in remainder of the share provided for her. But that appears to result from the direction given by the will, which the codicil did not disclose it to be the purpose of the testator to change. That was, that the executors should cause the portion belonging to her to be secured for her separate use, during her natural life, free from the control of her husband. This is the substance, though not the literal terms, of the direction. It was given in

words including all the testator's daughters, having the effect over the share of each, which has just been stated. And that rendered it the executor's duty to procure some special investment or disposition of the interest provided, which would secure it to the daughter's use free from the control of her husband. By the direction which was given, the testator contemplated a different disposition from payment to the daughter ·herself. It was in terms to be one which would secure the share for her separate use free from any control over it by her husband.

The testator did not suppose that this could be accomplished by delivering the share into her possession. That might be attended with that result, under the statutes made for the protection of the rights of married women. But it would not be surely or certainly the case; for, notwithstanding the statutes, the wife may yet voluntarily surrender the property, under her control, to the possession and disposition of her husband. The testator intended to avoid even that possibility, and for that purpose he required the executors to secure the daughters' shares for them free from the control of their husbands. And to do that he must have contemplated some such disposition as was made of the share by the judgment of the court. But whether he did or not, it was a very proper one to accomplish the end he declared should be secured; and it is supported by the practice of courts of equity in cases of this description. It was held by Lord Hardwicke, and approved by Chancellor Walworth, that where trusts are merely executory, and something remains to be done to perfect and carry into effect the testator's intention, the court is not confined to the strict rules of common law, but governs itself by the testator's intention, and does that which will best answer and support it. ( *Wood* v. *Burnham*, 6 *Paige*, 513, 519.) The testator contemplated some disposition of the share which would secure it for

People *v.* Bixby.

his daughter's use free from the control of her husband. And that could only be properly effected by the intervention of a trust like that provided for by the judgment.

By requiring the executor to secure it in that manner, he evidently designed that it should not go into the possession, or be subjected to the control, of his daughter. The judgment was right, and it should be affirmed with costs (*a.*)

Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis, Brady* and *Daniels*, Justices.]

(*a*) *S. C.*, reported briefly, 4 *Hun*, 619. Modified and affirmed by Court of Appeals, February 26, 1877. (See 10 *Hun*, XVII.)