Allen, J.
 

 The testator evidently intended to distinguish between the different gifts to his wife, under whom, as her heirs-at-law, the plaintiffs claim. The first devise to her is of three lots, probably the homestead and two lots used as appurtenant to it.
 

 These are given without words of limitation, but the testator adds a clause clearly indicating an intent to give in fee, viz.: “ The said lots I give for her sole and absolute use and disposal.” These words would have vested a fee simple in the devisee without the aid of the statute declaring that every grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or testator, unless the intent to pass a less estate or interest shall appear by express terms or necessary implication. (1 R. S., 748, § 1.) A gift of land, with power of absolute disposal, for the use of the devisee, without anything to qualify the words, is a gift in fee simple. The other devise is to the wife, of all other real and personal estate and effects of the testator,
 
 “
 
 for her own personal and independent use and maintenance, with full power to sell or otherwise dispose of the same in part or the whole, if she should require it or deem it expedient to do so.” And on her decease,
 
 “
 
 whatever residue there may :be of personal or real estate and .effects,” is directed to be •transferred by the executors to the trustees of the Congregational Society of Greenport. The whole estate, real and personal, of the testator, is disposed of by these two clauses ■ of the will, and the wife is the devisee of all the property under each.
 

 The ¡only necessity or occasion for two distinct devises, was
 
 *515
 
 either to give different estates or interests in the two classes into which the property was divided, or to annex some qualification, condition or limitation to one devise which it was not intended should affect or apply to the other. As the terms of the devise of these lots, “ for the sole and absolute use and disposal ” of the wife, indicated an intent to give the whole estate a fee simple; the terms of the devise of the residue,
 
 “
 
 for her own personal and independent use and maintenance,” chosen and employed, as they must have been, with a view to a different estate from that given by the other paragraph, as clearly indicate, especially when read in connection with the other parts of the will, an intent to give a life estate only. The property is given for her
 
 “personal
 
 use and maintenance,” a use which must necessarily terminate at her death. Had the will stopped here there would have been little difficulty in ascertaining and giving effect to the intent of the testator. The wife would have taken a life estate, and the heirs-at-law of the testator would have been entitled to the realty in remainder.
 

 It is true that the word c£ estate,” when used in the connection in which it stands in this will, ordinarily has reference to the title, and indicates an intent to give a fee or all the estate and interest in the property which the testator can dispose of by will, and will always be effectual to vest in the devisee the whole estate and interest, unless there is something in the will to show that it was used as descriptive of the, property, and not the estate and interest in the property devised. When, as here, the devise is made to operate upon the word
 
 “
 
 estate,” it will be held to refer to the testator’s title rather than the
 
 corpus
 
 of the property, unless in express terms or by necessary implication it is restricted to the latter. But it may be controlled by other portions of the will, and especially when to give it its full effect it will cut off subsequent limitations. (2 Bedf. Law of Wills, 330.) There is nothing in the words “ I devise all my real estate ” necessarily incompatible with an intent to devise for life only. Per Cowen, J.
 
 (Helmer
 
 v.
 
 Shoemaker,
 
 22 W. R., 137.) The testator has used the.
 
 *516
 
 same terms in giving what shall remain of the property at the death of his wife to the Congregational Society of G-reenport, and it was said in the case last cited that if the devise over in that ease had been in the same terms—that is, of the “ real estate,” instead of “ the avails of it ”—there would have been no doubt that the testator intended but a life estate to the first devisee.
 

 Annexed to the gift is a power
 
 “
 
 to sell or otherwise dispose ” of the property
 
 “
 
 if the devisee should require it or deem it expedient.” This conditional power of disposal does not operate to enlarge the estate to a fee. The power is conferred the better to secure to the devisee the benefit of the property for her “ personal use and maintenance.”
 

 The power pf disposal is not absolute so as to bring it within the rule making all devises with absolute power of disposal in the devisee’s gifts in fee. The power could only be exercised under the will in case the wife should require it or should deem it expedient; that is, with a view to her “ personal use and maintenance,” the purposes for which it was given.
 
 (Trustees of Auburn Seminary
 
 v.
 
 Kellogg,
 
 16 N. Y., 83.) The power was to be exercised during life and not at death. An absolute power of disposal includes a power to dispose of by will as well as by sale or otherwise during life, which is incompatible with a mere life estate, and such power is not given by the terms of this will. The words of the power in the connection in which they are used, clearly indicate an intention to authorize a disposition of the estate by the devisee only by a conveyance, which should take effect during her lifetime, and the whole scope of the will tends to the same conclusion. It was not the intention of the testator to confer upon her the power to dispose of the property by will upon any object of her bounty. Lord Hardwioke, in
 
 Timewell
 
 v.
 
 Perkins
 
 (2 Atk. Ch., 102), held that a gift of houses to Mary Timewell for her own use, to give away at her death to whom she pleases, was a gift in fee. But another item of the same will gave to Sarah Perkins a freehold estate in Essex, to dispose of to whom she pleases, for her own use,
 
 *517
 
 and if she should have children for her to give to them as she please, but if she die leaving none, to Mary Timewell and her children; and in respect of that, the Lord Chancellor was not clear what estate Sarah Perkins took, whether for life with remainder to her children, or an estate tail with power of disposal as she pleased, and did not decide the question. It was not intimated that she took a fee by virtue of the power to dispose of the estate to whomsoever she pleased. A power of sale attached to an express life estate will not have the effect to enlarge it to a fee (2 Redfield on W ills, 336, citing
 
 Dean,
 
 v.
 
 Nunnally,
 
 36 Miss., 358), and if not, then it will not have that effect as to a life estate created by necessary implication resulting from the terms of the instrument creating it. In the construction of wills the intent of the testator controls when ascertained. The claim is that the devise over to the religious society named is void, as repugnant to the first devise to the wife, and if that is of the fee the claim is well founded. But the will must, if possible, be so interpreted as to reconcile its different provisions, and give effect to every part of it, and such construction should be put upon the language consistent with the whole scope and terms of the will as to accomplish this result. The general scheme of the will is very apparent. The testator intended, first, to give to his wife absolutely certain property; second, to give to her the residue of his estate for life, with full power of disposal during her life for her personal use and maintenance ; and third, to give so much of the residue as should remain undisposed of at the death of the wife to the Congregational Society of G-reenport. This disposition is clearly indicated by the terms of the will, and the limitation over is not repugnant to the devise to the wife for life, and is not invalid for the reason that it was in the power of the wife to defeat it by disposing of the property during her life. Where estates were devised to B., his heirs and assigns, with a provision that in case B. should die without leaving issue, and B. should not have disposed of and parted with his interest to the estate the same were devised
 
 *518
 
 to C., her heirs and assigns, it was held that the limitation over to 0. was valid, and that B. while he had the absolute power of disposal during his life, a testamentary disposition of the property by him was inoperative.
 
 (Doe
 
 v. Glover, 1 M. G.
 
 &
 
 S., 447.) The operative words of the devise to B. were sufficient to pass the whole estate, and there was an absolute power of disposal by deed during life, but effect was given to the will agreeably to the evident intent of the testator and the general terms of the will, by limiting the estate of the devisee to his life.
 

 There is no repugnancy in a general devise to one person in terms, which would ordinarily convey the whole estate, and a subsequent provision giving the same estate to another person upon the happening of a contingent event. Such a disposition of personal property has been held valid, and the limitation over good.
 
 (Norris
 
 v. Beyea, 3 Ker.,
 
 273; Smith
 
 v. Bell,
 
 6
 
 Peters, 68;
 
 Upwell
 
 v. Halsey,
 
 1
 
 P. Wms.,
 
 651.)
 
 The statutes of this State have, to some extent, modified the rigor, and relaxed some of the technical rules of the common law in respect to estates. It is provided, among other things, that where an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or years, such estate shall be changed into a fee absolute, in respect to creditors and purchasers, but sub. ject to any future estates, limited therein, in case the power should not be executed', or the lands sold for the satisfaction of debts. (1 B. S., 732, § 81.)
 

 This and the two succeeding sections control and limit the efficacy of a power of disposal in enlarging an estate for life into a fee, and rendering void a limitation over. The statutes also recognize the existence of expectant estates, which may be defeated by any act or means which the party creating the estate shall have provided for or authorized. (1 R. S., 725, § 33.) By the will, the wife took an estate for life, for the residue, with remainder over at her death to the religious society, with power in the wife during the continuance of the life estate to defeat the remainder by an act authorized by
 
 *519
 
 the testator, to wit: a valid disposal of the subject matter of the devise.
 

 Whether this would have been a good executory devise at common law, is not material. The party taking under the will has died without having disposed of the property, and the event has happened upon which, by the terms of the will, the limitation over was to take effect. The wife did not acquire an estate of inheritance under the will in the residue of the estate, and it follows that the plaintiffs have no estate or interest in the property.
 

 The judgment must be affirmed.
 

 All concur. Judgment affirmed.