## BELL v. WARN.

*Legacy — bequest over of unexhausted principal valid.*

A bequest of the income of a fund and so much of the principal as the beneficiary should need for her suitable maintenance, and whatever might remain after her death to her children, *held* valid and the bequest over not repugnant.

APPEAL by defendants from a judgment in favor of plaintiff entered upon the decision of the court.

The action was brought by Hannah J. Bell against George Warn and others, executors of the last will and testament of John Warn, deceased, to recover a legacy. The said will contained the following: "I hereby give and bequeath to my daughter Hannah J. Bell $1,250." A codicil to the will contained the following: "The sum of one thousand two hundred and fifty dollars bequeathed to my daughter, Hannah J. Bell, by my said will, I attach the following conditions and directions. The said sum of money shall be invested on good security, and the interest semi-annually paid to her from my decease during her life; and if the said Hannah, by reason of sickness or want, shall require for her support any of the said principal sum, I direct my executors to pay her such portion or portions of the same, from time to time, as she may require or need, even to the whole amount of said principal sum. If, at her death, any of the principal sum remains, I bequeath the same to her children, share and share alike."

It was admitted that the plaintiff was in good health and did not need the sum bequeathed. The court below held the bequest over void and that plaintiff was entitled to the principal sum given.

*H. V. Howland*, for appellant.

*Wood & Rathbun*, for respondent.

Present— MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. The judgment below seems to have proceeded upon the idea that the codicil did not qualify the gift to the plaintiff contained in the will. To this we cannot assent. The will and the codicil constitute but one instrument. So read the intention of the testator, we think is clearly manifested. It appears to have

been his wish to give to the plaintiff only the income of the fund, and the right to consume so much of the principal as she should need for her suitable maintenance, and to give to her children whatever might remain of the principal of the fund at her death. The codicil changed the gift from an absolute one to a qualified one of the nature stated. There is, therefore, no repugnancy between them. The limitation over is valid and effectual. The circumstance, that it may be defeated by the necessities of the plaintiff, does not affect it. It is expressly provided by statute, that an expectant estate in lands shall not be adjudged void because it may be defeated in that way (1 R. S. 725, § 33), and another statute expressly applies the same rule to bequests of personal property. 1 R. S. 773, § 2. The intention of the testator must govern. *Upwell* v. *Halsey*, 1 P. Wms. 651; *Smith* v. *Bell*, 6 Pet. 68; *Norris* v. *Beyea*, 13 N. Y. 273; *Trustees Th. Sem. of Auburn* v. *Kellogg*, 16 id. 93; *Chrystie* v. *Phyfe*, 19 id. 351; *Taggart* v. *Murray*, 53 id. 233. Such was the rule before the Revised Statutes. Although the daughter is authorized to consume the property bequeathed, and to that extent may be said to have the disposal of it, yet, being evidently given for her subsistence, the right to make use of the property for that purpose is in the nature of a power rather than an ownership, and a gift over of what the first legatee shall leave is good. Where the gift to the first taker is absolute in its terms, or where the use only of the property is given, and the property is such that its use is its consumption, the gift will be deemed an absolute one, and a gift over would be void for repugnancy. In all these cases the test is the intention of the testator. That will determine the character of the gift. Washb. on Real Prop., Bk. 2, chap. 7, § 5, subd. 10, 11. In *Norris* v. *Beyea, supra*, DENIO, J., states the principle applicable to cases of this kind. "There is," he says, "no repugnancy in a general bequest or devise to one person in language which would ordinarily convey the whole estate, and a subsequent provision that upon a contingent event the estate thus given should be diverted and go over to another person. The latter clause in such cases limits and controls the former" (p. 284). See also *Terry* v. *Wiygins*, 47 N. Y. 512.

We have examined the cases cited by the respondent, but have not found any thing in them in conflict with the words expressed.

The judgment must, therefore, be reversed, and a new trial granted, with costs to abide the event.

*Judgment reversed and new trial granted.*