ELIZA LEGGETT, APPELLANT, *v.* CHRISTOPHER C. FIRTH, RESPONDENT.

*Executory devise, dependent upon the exercise of an absolute right of disposition by a primary devisee, valid.*

A valid executory devise may now be made to depend on the non-execution, by a primary devisee, of an absolute beneficial power of disposition vested in him by the will creating the limitation, and may now subsist under an absolute power of alienation in the first taker, and to this extent the rule of the common law has been changed by the statute in this State.

A testator, by his will, provided as follows : "I also give, devise and bequeath to my wife, Ellisheba, all the rest and residue of my real estate, but, on her decease, the remainder, if any, I give and devise to my children, or their heirs, respectively, to be divided in equal shares between them. I do nominate and appoint my wife, Ellisheba, to be the sole executrix of my last will and testament."

*Held,* That the devise to the wife gave to her an absolute fee, and the superadded words "but, on her decease, the remainder thereof, if any, I give and devise to my children," conveyed an estate dependent for its existence upon the failure of the primary devisee to exercise the power given to her to dispose of the entire estate.

APPEAL by the plaintiff from a judgment rendered at the Kings County Special Term in favor of the defendant, and entered in the office of the clerk of that county on the 18th day of April, 1889.

*James C. Church,* for the appellant.

*Frank H. Parsons,* for the respondent.

DYKMAN, J. :

This is an action for the specific performance of a contract in writing, for the conveyance of real property. The plaintiff in the

action claimed to be the owner of the premises involved and entered into a written agreement to sell and convey the same to the defendant, who agreed to purchase, but who subsequently refused to consummate the agreement under an apprehension of a defect in the title, based upon the following facts: In the year 1857 one John Francis Flazzelard died seized and possessed of the premises, leaving a wife and three minor children, and leaving a last will and testament, which reads as follows, so far as it affects the question to be solved in this action : " I give and bequeath to my sons Cyrus and Eli and Edward one dollar each ; I give and bequeath to my wife Ellisheba all my household furniture and all the rest of my personal property, after paying from the same legacies already named, to her forever, but if there should not be at my decease sufficient personal property to pay the aforesaid legacies, then so much of my real estate shall be sold as will raise sufficient money to pay the same. I also give, devise and bequeath to my wife Ellisheba all the rest and residue of my real estate, but on her decease, the remainder, if any, I give and devise to my children or their heirs, respectively, to be divided in equal shares between them. I do nominate and appoint my wife Ellisheba to be the sole executrix of my last will and testament."

After the death of the testator and the proof of the will, the wife claimed to be the owner of the premises in fee, and in the year 1859 she executed a mortgage upon the premises, which was subsequently foreclosed, and under the judgment in the foreclosure suit the property was sold and conveyed to Augustus P. Mange, who thereafter conveyed the premises to the plaintiff. All the foregoing facts are undisputed, but the claim is that the title is infirm and unmerchantable, because the wife of John Francis Flazzelard took a life estate only in the property in question under his will, and his minor children took a valid remainder.

The court, at the trial of the case at the Special Term, sustained that position and rendered judgment for the defendant, from which the plaintiff has appealed. We find ourselves unable to concur in the conclusion reached by the court at Special Term, and it is important at the outset to observe the terms of the primary devise to the wife of the testator : " I also give, devise and bequeath to my wife Ellisheba all the rest and residue of my real estate." These

words constitute a devise to the wife of an absolute fee, and the superadded words, "but on her decease the remainder thereof, if any, I give and devise to my said children," etc., by a necessary implication, confer a beneficial power of disposition of all the property upon the wife during her lifetime, with a limitation over in the event of her death without an exercise of the power. Whether the children took anything under the devise over of all the remainder depended upon a contingency not, indeed, expressed, but plainly implied from the words "if any," and the power of the primary devisee to dispose of the entire estate is implied from the same words of limitation.

The first part of the devise vests the absolute title of the real estate in the wife of the testator ; and where the language of a will indicates a disposition to give the entire interest and use of property to the primary devisee, it will not be curtailed without words which manifest a clear intention to cut it down. (*Clark* v. *Leupp*, 88 N. Y., 228; *Roseboom* v. *Roseboom*, 81 id., 356.) As, therefore, the devise of the remainder of the real estate of the testator to his children was upon the contingency of the death of the wife without having disposed of the property, and as it was the intention of the testator to give his wife an estate in fee in his real property, and the words employed demonstrate such intention, she could sell and convey or incumber the same as an incident and result of her absolute interest therein. This construction of the will renders the same harmonious and effective in all its parts and provisions ; but if more was intended for the children than a contingent interest or remainder, then the limitation of the primary devise was inconsistent with the absolute gift to the wife, and, therefore, void.

In this State the earliest discussion of the principles involved here arose from the will of William Alexander, who was a prominent officer in the American army in the Revolutionary War under the name of Lord Sterling. In that will the language was this : " I give, devise and bequeath all my real and personal estate whatsoever unto my dear wife Sarah, to hold the same to her, her executors, administrators and assigns, but in case of her death without giving, devising or bequeathing by will or otherwise selling or assigning the said estate, or any part thereof, then I do give, devise and bequeath all such estate or all parts thereof as shall so remain

unsold, undevised or unbequeathed unto my daughter Lady Catharine Duer, the wife of the Honorable William Duer, Esq., of the State of New York, to hold the same to her, her executors, administrators or assigns."

Many cases came before our courts requiring the construction of that will, but the questions involved received the most critical and elaborate examination by Chancellor KENT in the Court of Errors, in the case of *Jackson* v. *Robins* (16 Johns., 537), and he reached the conclusion, which received the unanimous concurrence of the court, that Lord Sterling intended to give his wife an estate in fee, and, in the course of his exhaustive opinion, he said: "There is not a case to be found in which a valid executory devise was held to subsist under an absolute power of alienation in the first taker." The whole subject also received an able and thorough examination by Judge ANDREWS in the Court of Appeals, in the case of *Van Horne* v. *Campbell* (100 N. Y., 287), in an opinion of great length and perspicuity, and his conclusion and the decision of the court was that an absolute power of disposition annexed to a primary devise in fee is deemed conclusive of the existence in the devisee of an absolute estate.

Thus far, therefore, the case is plain, but the examination has been independent of the effect of our Revised Statutes (1 R. S., 725, §§ 32, 33), upon the rule of the common law. Those sections are as follows:

"Section 32. No expectant estate can be defeated or barred by any alienation or other act of the owner of the intermediate or precedent estate, nor by any destruction of such precedent estate by disseizin, forfeiture, surrender, merger or otherwise.

"Section 33. The last preceding section shall not be construed to prevent an expectant estate from being defeated in any manner or by any act or means which the party creating such estate shall, in the creation thereof, have provided for or authorized, nor shall an expectant estate thus liable to be defeated be, on that ground, adjudged void in its creation."

At the common law, as we have seen, where an estate was given to a person generally, with a power of disposition, expressed or implied, as in this case, it invariably carried a fee, and a valid executory devise could not subsist under such absolute power of

alienation; and the effect of these sections of the statute is to modify that rule. Now an expectant estate in lands will not be adjudged void because it may be defeated in any manner provided by the party creating the same, and expectant estates may be created, which may be defeated by any means authorized by the party creating them.

In any case, therefore, where an expectant estate can be lawfully created or devised it will not be adjudged void in its creation because the party creating the estate in doing so or in its creation provided a means or prescribed an event by which it might be defeated. In other words, a valid executory devise may now be made to depend upon the non-execution by the primary devisee of an absolute beneficial power of disposition, vested in him by the will creating the limitation, and, therefore, a valid executory devise may now subsist under an absolute power of alienation in the first taker, and so far the rule of the common law seems to be changed by the statute. (*Greyston* v. *Clark*, 41 Hun, 125; *Terry* v. *Wiggins*, 47 N. Y., 518; S. C., 2 Lans., 275; *Bell* v. *Warn*, 4 Hun, 408.) Such change, however, does not affect this case because, under the will in question, the wife of the testator was vested with the power of absolute alienation of the property during her lifetime without restriction in respect to the purposes of such disposition. There was no limitation upon the power of disposition except a limitation of time. So long as it was exercised during the lifetime of the wife its exertion was valid. She might not exercise the power by will, because the testator disposed of the portion remaining at her decease by giving it to his children. (*Flanagan* v. *Flanagan*, 8 Abb. N. C., 413.) Such being the intention of the testator, it must be carried out as well under the statute as at common law.

Our conclusion, therefore, is, that the wife of the testator took a fee in the premises in question under the will of her husband, subject to the condition that the power of disposition should be exerted during her lifetime (*Campbell* v. *Beaumont*, 91 N. Y., 464), and that the children took a valid expectant estate liable to be defeated by the exercise of the power of disposition vested in the wife during her lifetime. A power to sell includes a power to mortgage, and the execution of the mortgage by the wife was, therefore, a valid exercise of the power of disposition with which the wife was clothed by the will. The wife was not restricted in the objects and

purposes which induced her to execute the mortgage, and she was not required to account in any way for the proceeds of the incumbrance. There is no claim that the power of disposition was exercised in an improper manner, and we must assume that it was neither wanton nor fraudulent. The title of the plaintiff is made under a regular sale by virtue of the judgment in the action for the foreclosure of the mortgage so executed by the wife, and we find it valid and free from infirmity. In our view, the title is not doubtful, and the defendant should be required to perform this contract of purchase.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed.