MARIA McKEOWN *et al.*, Respondents, *v.* JOHN OFFICER, as Executor, etc., *et al.*, Appellants.

*Supreme Court, Second Department, General Term, June 28, 1889.*

1. *Will. Power of disposition.*—A gift of property, by will, to the wife, with absolute power to dispose of or charge it with debts, is not repugnant to a subsequent provision giving the undisposed, or unexhausted, amount to residuary legatees.

2. *Same. Life estate.*—The use of the words, " I devise all my real estate," etc., in a will, is not necessarily incompatible with an intent to give a life estate, with power to consume the whole, or absorb it by contracting debts.

3. *Same. Fee.*—The fact that the gift is absolute for purposes of enjoyment, with power of disposition for that object, does not enlarge the estate into a fee.

4. *Same. Charitable institutions.*—A bequest of the residue of an estate, after a life estate to the testator's wife is given with absolute power of enjoyment and disposition, to charitable institutions, is contrary to the provisions of the statute of 1860, and valid only to the extent of one half of such residue.

5. *Same. Statute of 1860.*—The prohibition of the statute is peremptory and operates upon the capacity of the testator to make a will which offends the statute ; and any heir at law, who would be entitled to share in his estate, in case of the entire or partial invalidity of a will, because its provisions are violative of the statute, may insist upon such restriction, though not one of the relatives designated in the statute.

*Henry Marshall*, for appellants.

*Jacob Brenner*, for respondents.

DYKMAN, J.—This is an appeal from a judgment of the special term, and from the order denying a motion to dismiss the complaint, and the appeal involves questions of law only.

The plaintiffs are the next of kin and heirs at law of John McKeown, deceased, and the defendants are the executors of McKeown, and the residuary legatees under his will. The action was brought to secure a judgment of the court, which

shall declare the bequest of the residuary estate of the deceased to the two corporations named in the will valid, to the extent of one-half of the estate of the testator, and no more, pursuant to chapter 360 of the Laws of 1860.

The provisions of the will which is involved in this action, is as follows :

" *Third.*   I give, devise and bequeath to my dearly beloved wife, Abby McKeown, all the rest, residue and remainder of my estate, both real and personal, of every kind, or wheresoever situated, of which I may be possessed at the time of my decease, for her support and comfort, to vest absolutely in her, the said Abby McKeown, during her lifetime, and, at her decease, after her lawful debts are paid, I further give, devise and bequeath to the Board of Home Missions and the Board of Church Extension of the United Presbyterian Church of North America, the residue of my estate, the same to be sold and turned into cash, and divided equally between the two boards."

The wife of the testator, and the defendant, John Officer, were appointed executors in the will, and both qualified.

The testator left no child and no descendants of any child and no father or mother, but he left the three plaintiffs, who were his nephews and nieces and another nephew, who has since died unmarried and without children.

The testator left real and personal property of the value of about $6,000.

The widow of the testator died in September, 1887, leaving the entire principal of the estate unexpended, and having used and appropriated the income thereof only during her widowhood, and there now remains in the hands of the executor the entire principal of the estate, with no unpaid debts or liabilities of the testator or his wife to be deducted therefrom.

After the death of the widow the executor undertook to sell the real estate of the testator and the question whether the will bestowed a power to sell the same was submitted

to this court and we decided that the executor was vested with a power to sell, and in that case the questions involved here were incidentally considered. Officer v. Board of Home Missions, 47 Hun. 352.

In the beaten way of common sense and fundamental principles this is a plain case. The intention of the testator is easily discovered, and the law which must control is easily understood.

The primary gift was to the wife absolutely, for life, and it was within her power to appropriate, enjoy and use all the property during her lifetime, and the residuary legatees took no interest which would have authorized them to interfere with such use in any way.

But the property only vested in her absolutely during her lifetime ; at her decease and the payment of her debts the residue of the estate was devised and bequeathed to the two boards designated. The gift to the wife was conditional upon its use and appropriation by her during her lifetime, and the gift of the residue dependent upon the same contingency.

There is no repugnancy in the gift of the property to the wife for life with an absolute power to dispose of the same or charge it with the payment of her debts, and a subsequent provision giving the residue to the charitable boards upon the failure of the wife to dispose of or exhaust the same in her lifetime. Norris v. Beyea, 13 N. Y. 273; Crozier v. Bray, 39 Hun, 123 ; Terry v. Wiggins, 47 N. Y. 512 ; S. C., 2 Lans. 272.

The same rule is established by the following provision of the Revised Statutes, to wit: "Where an absolute power of disposition, not accompanied by any trust, shall be given to the owner of a particular estate for life or years, such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estate limited thereon, in case the power should not be

executed or the lands should not be sold for the satisfaction of debts." 1 R. S., 732, § 81.

This provision makes the absolute estate created in the wife subject to the limitation over to the residuary legatees, in the event of the failure to exercise her beneficial power of disposition, and thus imparts validity to the limitation in the event which has happened.

While it is true that the word estate, employed in will in connection with a devise, ordinarily indicates an intention to impart a fee, and operates upon the title rather than the *corpus* of the property, yet such inference may be controlled and restricted by the other provisions of the will and there is nothing in the words "I devise all my real estate," etc., necessarily incompatible with an intent to devise a life estate, with power to consume the whole or absorb it by contracting debts. Terry *v.* Wiggins, 47 N. Y. 515.

Neither does the fact that the gift is absolute for purposes of enjoyment, with a power of disposition for that object, enlarge it into a fee. Terry *v.* Wiggins, 47 N. Y. 516.

So far, the will is plain and the intention of the testator can be carried into execution if it does not contravene the provisions of the statute of 1860, which must now receive our attention.

That statute is as follows : " No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts (and such devise or bequest shall be valid to the extent of one-half, and no more)." Chapter 360, Laws 1860.

This statute is clear and concise, and the testator undertook to do what it forbids. He had a wife, and he wrote

and executed a will which gave to two charitable corporations more than one-half of his estate, and so committed an offense against the statute.

It is true that such was not the necessary result of the residuary gift, because the wife of the testator under the power and right bestowed upon her by the will, might have used and consumed more than one-half of the estate, and left the residue unexpended for the residuary legatees.

Yet we think as the whole estate might remain as it was unused by the wife in her lifetime, and was directed to pass to the residuary legatees in that event, the will falls under the condemnation of the statute, and cannot be sustained in its entirety.

It was the design of this statute to inhibit the disinherison of persons standing in near relation to testators with natural claims upon their bounty from pious or benevolent motives, and the prohibition is peremptory, and operates upon the capacity of the testator to make a will which offends against the statute.

It restricts the power of a testator in the disposition of his estate, and any heir at law who would be entitled to share in his estate in case of the entire or partial invalidity of a will, because its provisions are violative of the statute, may insist upon such restriction, although not one of the relatives designated in the statute. Harris *v.* Slaght, 46 Barb. 470; S. C. 4 Abb. N. S. 421.

The statute is a continuation of the mortmain policy and designed "to prevent languishing and dying persons from being imposed upon by false notions of duty prompting them to disregard the claims of family and kindred."

The trial judge has found that the two religious bodies named in the will are incorporated under the laws of the state of Pennsylvania, but there is no finding respecting the validity of the gift in that state, but as no question was raised before us in respect to that subject, we assume that

the gift is in accordance with the laws of the state of Pennsylvania.

Our conclusion therefore is that the bequest of the entire residue of the estate of the testator to the two religious corporations was in contravention of the statute of 1860, and valid only to the extent of one-half of the residue of the property, and as to the other half the testator died intestate.

The judgment should therefore be affirmed, with costs.

BARNARD, P. J., concurs; PRATT, J., not sitting.