---

### In re GILBERT'S ESTATE.

(*Surrogate's Court, Chautauqua County.* September 22, 1890.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.

   Testator devised all his property to his wife, "for her own personal benefit during the term of her natural life," with remainder to his seven children, share and share alike. He empowered his executors to sell any part of his real estate, with the concurrence of the wife. The last clause of the will provided that no appraisement of his property should be required at his death, but that his whole property, its management and use, should immediately vest in said wife, and be subject to her absolute control during her life-time, without any accounting by her. *Held,* that the wife took only a life-interest in trust for her necessary support; and that the last clause of the will, declaring her not subject to any accounting, is nugatory and void, because against the policy of the law, and contrary to the whole context of the will.

On application for an accounting by Helena L. Gilbert, widow, etc.

*Norman M. Allen,* for Helena L. Gilbert, George G. Gilbert, and Lena W. Gilbert. *T. A. Case* and *J. E. Hazard,* for Edwin S. Gilbert, Milo O. Gilbert, James A. Gilbert, Joseph C. Gilbert, and Josephine Bentley.

SHERMAN, S. The testator died, April 21, 1888, leaving Helena L. Gilbert, his widow, Edwin S. Gilbert, Milo O. Gilbert, James A. Gilbert, and Joseph C. Gilbert, sons, and Josephine Bentley, daughter, by his former deceased wife, and George G. Gilbert, son, of full age, and Lena W. Gilbert, daughter,

aged 15 years, children by his said widow, Helena, him surviving. He died seised of unincumbered real estate, consisting of several improved farms containing 330 acres, in Chautauqua county, of the value of $8,000, and owning personal property of the value of $5,500, and owing debts not exceeding $2,000. He made his will, dated March 31, 1888, probated May 28, same year, and appointed his two eldest sons by his first wife, said Edwin and Milo, executors thereof, of which will the following is a copy, not including the formal parts: "*First.* After all my lawful debts are paid and discharged, I give, devise, and bequeath to my wife, Helena L. Gilbert, all my property, both real and personal, to have, hold, possess, use, and control for her own personal benefit during the term of her natural life. *Second.* At the event of the decease of my said wife, Helena, I give, devise, and bequeath all that may then remain of my said estate to my following named children, share and share alike, to-wit: Edwin S. Gilbert, Milo O. Gilbert, James A. Gilbert, Josephine Bentley, Joseph C. Gilbert, George C. Gilbert, and Lena W. Gilbert. *Third.* I hereby give and grant to my executors, hereinafter named, full power and authority to sell and convey any portion of the real estate of which I may die seised: provided, however, that such sale shall first be approved and concurred in by my said wife, Helena, and shall be deemed by my said executors for the best interest of my said estate. *Fourth.* Nothing herein contained shall require the appointment of any appraisers of my said estate at the event of my decease. But my whole property, its management and use, shall immediately vest in my said wife, and be subject to her absolute control during her lifetime, and she shall not be subject to any accounting therefor."

It is claimed by the learned counsel for said Helena L. Gilbert, widow, George G. Gilbert, son, and by the special guardian and counsel for said Lena, minor, being children of the testator by his said second wife, that such will gives to the widow the absolute title to all the said real and personal estate, after payment of debts, funeral expenses, and expenses of administration, and that the use and possession of same was not limited to her life, and cites the following authorities: *Campbell* v. *Beaumont*, 91 N. Y. 465; *Van Horne* v. *Campbell*, 100 N. Y. 287, 3 N. E. Rep. 316, 771; *Clarke* v. *Leupp*, 88 N. Y. 228; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Griswold* v. *Warner*, 3 N. Y. Supp. 688; *Leggett* v. *Firth*, 6 N. Y. Supp. 158. It is claimed by the counsel for the executors and other children by the first wife of the testator, that the testator intended to and did by his will give to his widow only the use of his property, real and personal, after paying debts, funeral expenses, and expenses of administration, during her natural life, for her necessary support and maintenance, and at her death the remainder of his estate to his seven children, legatees named in his will, share and share alike, and cite the following authorities: *In re French*, 13 N. Y. St. Rep. 759; *In re Verplanck*, 91 N. Y. 439; *In re Westcott*, 16 N. Y. St. Rep. 286; *Wager* v. *Wager*, 96 N. Y. 164; *Taggart* v. *Murray*, 53 N. Y. 233; *Van Vechten* v. *Keator*, 63 N. Y. 52; *McKeown* v. *Officer*, 6 N. Y. Supp. 201; *In re Fuller*, 5 N. Y. Supp. 46; *Black* v. *Williams*, 4 N. Y. Supp. 243; *Terry* v. *Wiggins*, 47 N. Y. 512; *Greyston* v. *Clark*, 41 Hun, 125; *Rose* v. *Hatch*, 8 N. Y. Supp. 720. While these authorities illustrate the general well-established principles governing the construction of wills, not one of them fully covers the exceptional state of facts and circumstances to be considered in arriving at the real intention of the testator by this remarkable instrument. He made his will only a few days prior to his death. He left five children by his first wife, and two by his last. His family relations had always been pleasant, there being apparently no petty jealousy existing between his two sets of children, all of whom were well brought up and respectable. He had apparently no partiality for any of them. By their aid he had accumulated a handsome property. By the first paragraph of his will he gave the use of all his property to his wife during her life, an ample provision for her, and emphasized his intention by saying that such

use was "for her own personal benefit during the term of her natural life." By the second paragraph of his will he gave all that might remain of his estate at her death to his seven children, naming each, share and share alike. By the third clause of his will he gave to his two eldest sons, executors, full authority to sell and convey his real estate, with the concurrence of his widow, and convert the same into money as might be deemed by them to be for the best interest of his said estate. The extraordinary provisions of his will are in the fourth clause, which provides that no appraisement shall be required of his property at his death; but that his whole property, its management and use, shall immediately vest in his said wife and be subject to her absolute control during her life-time, and that she should not be subject to any accounting therefor.

I have ordered an appraisal of the personal property, which has been made and filed, and hold that the clause declaring that she shall not be subject to any accounting for the property of her deceased husband is nugatory and void, as against the policy of the law, and contrary to the whole context of the will. The case of *Smith* v. *Bell*, 6 Pet. 68, in which the very learned Chief Justice MARSHALL, of the United States supreme court, writes the opinion, appears to cover the whole line of legal controversy and argument in this case, and such authority is approved by our own court of appeals in the very recent case of *Crozier* v. *Bray*, reported in 120 N. Y. 366, 24 N. E. Rep. 712. The case quoted and decided by the United States supreme court came up from the seventh circuit and district court of East Tennessee; the property involved being goods and chattels consisting of a negro woman and her four children, all slaves. The will gave to the testator's wife all his personal estate, "to and for her own use, benefit, and disposal, absolutely; the remainder of the said estate, after her decease, to be for the use of the said Jesse Goodwin," son of the testator. The court held that the wife took an estate only during her life, and the son took a vested remainder; yet in that case the words, "during the term of her natural life," and "during her life-time," appearing in the first and fourth clauses of this will, were not in that will, but the court held that the remainder of said estate after the decease of his wife, to be for the use of said Jesse Goodwin, were equivalent thereto. I direct decree holding that the widow in this case takes only a life interest and use of the personal property of her deceased husband, to hold same in trust for her necessary support and maintenance during life; and it appearing that this is only an intermediate accounting, and that the time for the presentation of claims against the estate has not expired, and that there are debts due the estate not paid, and all parties interested having appeared personally, or by attorney, and consenting, the further proceedings herein are adjourned to November 26, 1890, and all questions relating to commissions and costs of the respective parties are reserved until that date.