ter was tried before the surrogate the judgment creditors were justified in relying upon the Graber Case (Judge Hatch writing the opinion), and for that reason did not offer the schedules in bankruptcy proceeding or evidence to the effect that they had no notice or knowledge of the bankruptcy proceedings, and that that issue has not as yet been tried by the surrogate; that on account of the unsettled condition of the law prior to the decision of the Appellate Division in this case and believing that the court had no jurisdiction to try the issues and on account of both parties taking that position before the surrogate the judgment claimants and the attorneys for them neglected to make the proof that they could have made as to the schedule filed in the bankruptcy proceedings and as to notice or knowledge of the claimants of said proceeding."

Such application presents no inference of fraud, clerical error, or newly discovered evidence as a reason for opening the decree, but it is contended that the facts above quoted constitute a situation coming within the scope of the term "other sufficient cause," as used in the subdivision of the section of the Code above referred to. In other words, the moving parties take the position that they pursued a line of procedure on the trial of the matter before the surrogate, sanctioned to some extent by existing decisions, and it subsequently develops that such authorities were not followed or sustained. Such a state of facts does not warrant the granting of the relief sought. Matter of Tilden, 98 N. Y. 434; Matter of Hodgman, 82 Hun, 419–422, 31 N. Y. Supp. 263; Matter of Soule, 72 Hun, 594–597, 25 N. Y. Supp. 270; Matter of Hawley, 100 N. Y. 206, 3 N. E. 68; Matter of Kranz, 41 Hun, 463; Forstman v. Schulting, 38 Hun, 482; Van Tassell v. N. Y., L. E. & W. R. R. Co., 1 Misc. Rep. 312, 20 N. Y. Supp. 715; Mills v. Husson, 63 Hun, 632, 18 N. Y. Supp. 519; Tigue v. Annowski (Super. Buff.) 7 N. Y. Supp. 9.

Even if this proposition were to be disposed of favorably to the applicants, it is very doubtful whether the Surrogate's Court has the right at the present time to grant the relief asked for; an appeal having been taken to the Appellate Division from the surrogate's decree and the same having been affirmed generally by that court. Matter of Hodgman, supra; Sheridan v. Andrews, 80 N. Y. 648; Reed v. Reed, 52 N. Y. 651; Hood v. Hood, 5 Dem. Sur. 50, 51; Matter of Westerfield, 61 App. Div. 413–419, 70 N. Y. Supp. 641.

The application is accordingly denied, and an order to that effect will be entered, but without costs to either party.

Application denied.

---

## In re WHITNEY'S ESTATE.

(Surrogate's Court, Delaware County. September 3, 1910.)

1. WILLS (§§ 600, 610*)—CONSTRUCTION—LIFE ESTATES.
  Where the first taker in a will is given the absolute power of disposition of both the real and personal estate, he takes the fee; otherwise he takes a life estate only.

  [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1335–1339, 1379–1385; Dec. Dig. §§ 600, 610.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. WILLS (§ 629*)—CONSTRUCTION—VESTING OF ESTATES.

The law favors the vesting of estates created by wills.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1461, 1462; Dec. Dig. § 629.*]

3. WILLS (§ 452*)—CONSTRUCTION—DISINHERITING OF HEIR—PRESUMPTIONS.

The intention of testator to disinherit an heir, though a lineal descendant, when expressed in plain and unambiguous language, must be carried out, but the court will not impute to a testator such intention by implication, nor where he uses language capable of a construction which will not so operate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 968–970; Dec. Dig. § 452.*]

4. WILLS (§ 612*)—CONSTRUCTION—ESTATES DEVISED.

A gift by testator of his real and personal property to his wife, and after her death to his daughter, gives to the wife a life estate only and to the daughter the remainder, and the daughter takes under his will, and not through the wife.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1387–1392, 1608; Dec. Dig. § 612.*]

5. TAXATION (§ 878*)—TRANSFER TAX—TRANSFERS SUBJECT.

Where a will when properly construed gave a life estate to testator's widow, with remainder to testator's daughter, the daughter takes directly under the will, and not through the life tenant; and hence, the proper transfer taxes having been paid on testator's estate, no further tax can be required on the falling in of the remainder.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 878.*]

Proceedings for the assessment of the transfer tax on the estate of Jennie E. Whitney, deceased. From the action of the county treasurer appraising the estate, the comptroller appeals. Affirmed.

This is an appeal from an assessment of the estate of Jennie E. Whitney, late of Stamford, deceased, made by the county treasurer of Delaware county. In assessing the estate the county treasurer found as follows: "I do further report that the New York State Comptroller asks to have included in this estate the net amount of the real and personal estate of William Whitney, deceased, namely, $18,424.42, claiming that under the will of William Whitney, deceased, this decedent (Jennie E. Whitney) took absolute title to his entire estate. On the contrary, the attorney for Winifred B. Whitney, sole heir of Jennie Whitney, contends that the said will to Mrs. Whitney conveyed a life estate only, and that the estate of William Whitney, descended to his daughter Winifred direct by the terms of his will, and not through the mother's estate. I am of the opinion that the latter construction is correct, and have not included same in my report."

Barna Johnson, for the Comptroller.
Hugh Govern, Jr., for respondent.

GRANT, S. William Whitney, a resident of Delaware county, died February 29, 1908, leaving a last will and testament, which provided, among other things:

"I give, devise and bequeath all my property, real and personal, and wheresoever situated to my wife Jennie E. Whitney and after her death the same shall go to my daughter Winifred B. Whitney."

His widow, a resident of Delaware county, died December 29, 1908, intestate, leaving her surviving a daughter and only child, Winifred B. Whitney, now Winifred B. Govern. The estate of William Whit-

ney upon his death was appraised and the transfer tax imposed by law paid. Upon the death of the widow, proceedings were instituted to appraise her estate for the purposes of the transfer tax upon the theory she took an absolute fee to all of her husband's estate real and personal under the provisions of his will, and that her personal estate, amounting to the sum of $7,451.57, should be augmented by the amount of her husband's estate, amounting to the sum of $18,424.42, making a total of $25,875.99 subject to a transfer tax.

The claim of the daughter is that her mother, Jennie E. Whitney, only took a life estate under the will of William Whitney with remainder over to her, that the tax has once been paid upon her father's estate, and the mother's estate is not sufficient to be subject to a tax; hence no tax is due at this time.

The precise and only question for determination upon this appeal is whether the widow of William Whitney under the provisions of his will took an absolute fee in both his real and personal estate, or whether she only took a life estate with remainder over to the daughter. The rule that in cases where the first taker is given the absolute power of disposition of both the real and personal estate the first taker takes a fee as established in Jackson v. Bull, 10 Johns. 19, Van Horne v. Campbell et al., 100 N. Y. 287, 3 N. E. 316, 771, 53 Am. Rep. 166, and other cases has been limited or qualified by a line of cases that hold that where the power of disposition is not absolute, so as to bring it within the rule, the first taker takes a life estate only. Terry v. Wiggins, 47 N. Y. 512; Smith v. Van Ostrand, 64 N. Y. 278; Wager v. Wager, 96 N. Y. 164; Matter of Cager, 111 N. Y. 343, 18 N. E. 866; Crozier v. Bray et al., 120 N. Y. 366, 24 N. E. 712; Rose v. Hatch et al., 125 N. Y. 427, 26 N. E. 467; Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950; Matter of McClure, 136 N. Y. 238, 32 N. E. 758.

In Terry v. Wiggins, supra, after a devise in fee of certain property, the will contained a devise of other real estate to the same devisee for her own personal and independent use and maintenance with full power to sell or otherwise dispose of the same, in part or the whole, if she should require it or deem it expedient, and, upon her death, the remainder was devised over to a religious society. It was held that, as to the second devise, the wife took a life estate only.

In Smith et al. v. Van Ostrand, supra, Rapallo, J., in writing the opinion says:

"These cases sustain the proposition that, where an absolute power of disposal is given to the first legatee, a remainder over is void for repugnancy. In Patterson v. Ellis the language of the will was this, that the fund should be at the 'free and absolute disposal of his daughter after she should attain the age of twenty-one.' In the other case cited the remainders were held valid, but they recognize the proposition that, if the power of disposition of the first taker is absolute, the remainder over is repugnant. But they also recognize the principle that, if the jus disponendi is conditional, the remainder is not repugnant. Hill v. Hill, 4 Barb. 419. The power of disposition, if any, in the present case, was only for a special purpose, viz., the support of the widow. If not required for that purpose, there was no power to appropriate the funds to any other. The case of Upwell v. Haley (1 Peere Williams, 651) is precisely in point upon this question. There the testator bequeathed to his sister such part of his estate as his wife should leave of her substance. The court say: 'It is now established that a personal thing or money may be devised to

one for life. remainder over; and as to what has been insisted on, that the wife had a power over the capital or principal sum, that is true, provided it had been necessary for her subsistence, not otherwise.' The remainder over was held good."

In this case there is grave doubt whether the widow had any power over the capital or principal sum, so far as disposing of the same is concerned. No express power of disposition is given. The most liberal construction that can be given the will is that he intended his wife to have a life use with the power of using as much of the principal as might be necessary for her support and maintenance, and, if given such construction, the remainder over to the daughter would not be repugnant, and would therefore be valid.

In Leggett v. Firth, supra, the will of F., after making certain specific provisions for his children, contained the provision:

"I give devise and bequeath to my wife Ellesheba all the rest and residue of my real estate, but on her decease the remainder thereof, if any, I give and devise to my said children or their respective heirs to be divided in equal shares between them."

It was held the wife took a life estate only.

In the Matter of McClure, supra, the will of McC., which was drawn by himself, gave to his wife all his real and personal estate, to have and hold with full power to collect rents and income, to keep in repair, pay taxes and insurance with full power to sell such real estate, with the consent of his executors, as she thought best for the estate. Should she remarry again, "then her right of dower only in my estate." He also gave her discretionary power to give such sums of money to any, as "she may think prudent, of my relatives." Upon the final accounting several children and grandchildren were living. It was held the widow took under the will only an estate for life, and as to the remainder the testator died intestate.

It is true the rule which favors the vesting of estates is well established, and the rule in cases where a will admits of two constructions, the one which will disinherit children or lineal descendants and the other would not, the latter should be preferred, is also well established.

An intention to disinherit an heir, even a lineal descendant, when expressed in plain and unambiguous language, must be carried out; but it will not be imputed to a testator by implication, nor where he uses language capable of a construction which will not so operate. Low v. Harmony, 72 N. Y. 414; Matter of Brown's Estate, 93 N. Y. 295. From the language employed by the testator in his will, it is apparent he intended his wife to have a life estate only in his estate, with remainder over to his daughter; hence the daughter takes under her father's will, and not through the mother, and, as this estate has once paid the tax required by law, it is not subject to a second tax. The mother's estate without being increased by the father's estate is not sufficient to be subject to a transfer tax.

For the foregoing reasons, the appraisal of the county treasurer is affirmed.