Anthony P. Savarese, S.
Moses Tropper, also known as Morris Tropper, executed Ms will on November 20, 1950, and died on February 24, 1953. His will, in which he named his widow as executrix, was admitted to probate on December 9, 1955. Thereafter the executrix instituted this proceeding for a construction of paragraphs second and fifth thereof. The question for determination is the nature of the estate given to the widow. The widow contends that the will gave her an absolute gift of all testator’s property or a legal life estate with an unqualified power of use and disposition of same during her lifetime. The Attorney-G-eneral as the representative of unspecified charitable beneficiaries contends that the widow received only a legal life estate in the property constituting the residuary estate, and that all of such property must be disposed *394 of for charitable uses and purposes designated by her, and on her failure to designate the charitable beneficiaries, this court should so do.
Paragraphs second and fifth of the will provide as follows:
“ Second: All the rest, residue and remainder of my estate, be the same real or personal, and wheresoever the same may be situated, which I may own or in which I may be interested at the date of my death, I give, devise and bequeath to my beloved wife Rega Tbopper, to have, hold and enjoy for her own personal use and comfort during her natural life. My wife has assured me and I have absolute trust and confidence in her promise that she will not transfer any real or other property received by her from me to any relative of her own or of mine and that upon her death, all property received by her from me, whether it be in the same form received by her or otherwise will be given and bequeathed by her to charity as hereinafter provided. *
‘ ‘ If my wife should predecease me she has promised and I have faith in her promise, that she will bequeath to me any property which she received from me during the time of our marriage.
“ Upon the death of my said wife, Rega Tbopper, I ask, request and desire that she shall leave no part of any property received by her from me hereunder to any relative, next of kin or heir at law of her own, or to any relative, next of kin or heir at law of mine, it being my express intention and desire that no relative of my wife, nor any relative of my own shall receive any property owned by me and passing hereunder to my wife.
‘ ‘ I further specifically request and desire that upon her death my wife shall, by Will, or in such other manner as she deems proper, give, devise and bequeath to such charity, or for such charitable purpose or purposes, as she may deem proper, all property received by her from me under this my Last Will and Testament, and still in her possession or under her control at the date of her death.
“ If my wife shall fail to bequeath and devise by her Will to a charity or for a charitable purpose or purposes, the property which passes to her from me hereunder, I do hereby give, such property to such charity, or for such charitable purpose or purposes as the Court admitting this my Last Will and Testament to probate may deem proper, and I do specifically hereby authorize such Court to name and designate the charity or charities, which shall receive such property.
*395 “ The power hereby given to the said Court is only to be exercised by it in the. event that my wife Rega Tboppeb. shall have failed to herself designate a charity or charities for such purposes.
“ Fifth: For reasons which I have explained to my own
attorney and to my wife’s attorney prior to the execution of this Will, I have intentionally made no provisions herein for any relative, heir at law, next of kin or any friend or other person, it being my intention that everything I possess at the date of my death shall pass to my beloved wife Rega Tboppeb.”
It is clear that the language used by the testator in the first sentence of paragraph “ Second ”, if it stood alone, would limit the gift to the life of the widow. (Adams v. Massey, 184 N. Y. 62, 69; Terry v. Wiggins, 47 N. Y. 512.) In the second sentence thereof testator states that his wife has assured him and promised that she will not transfer any real or other property received by her from him to any relative of hers or his, and that upon her death all property received by her from him would be given to charity. The third and fourth paragraphs also reflect testator’s desire that his wife leave no part of his property passing to her under his will to either of their relatives, next of kin or heirs at law, and that upon her death she shall by her will, or in such other manner as she deems proper, give, devise and bequeath to such charity, or for such charitable purposes, as she may deem proper, all property received by her from him under his will, and still in her possession or under her control at the date of her death. The use by testator in the requests made to his wife that she ‘‘ will not transfer ’ ’ or “leave ” any part of his property to the relatives of either, and shall by will, or in such manner as she deems proper, “give”, “devise” and “ bequeath ” to charity all property received by her under his will, and still in her possession or under his control at the date of her death, lend support to the widow’s claim that there was an enlargement of the gift. Yet, in none of the paragraphs referred to does testator use words indicative of an absolute gift. Paragraph “ Fifth ” expressing an “ intention that everything I possess at the date of my death shall pass to my beloved wife Rega Tropper ” does not effect a disposition but is merely a reiteration that testator wishes to benefit his wife to the exclusion of all other relatives. The primary intent of the testator was to provide for his widow, the natural object of his bounty. In my opinion the testator has given his widow a life estate with unqualified power to use and consume his residuary estate for her comfort and enjoy *396 ment with a power to appoint the nneonsumed remainder to charity by will or otherwise, and in the event of her failure to exercise the power this court may name and designate the charity or charities. In view of her power of disposition no bond will be required. Submit decree construing the will accordingly, on notice.