■ In the Matter of the Estate of LLOYD H. WATTS, Deceased. KATHERINE MERZ et al., Respondents; GERALD J. LAWSON, as Executor of LLOYD H. WATTS, Deceased, Appellant.— Mercure, J. Appeal from an order of the Surrogate's Court of Essex County (Garvey, S.), entered July 26, 1989, which, *inter alia,* granted petitioners' application to direct respondent to render an accounting of decedent's interest in a certain life tenancy.

Winifred Loughran died in 1982, a resident of Essex County. Loughran's will made a disposition of her residuary estate to her brother, Lloyd H. Watts, "to have and to hold the same during the term of his natural life", together with "the right at any time and from time to time in his absolute discretion to use any part or all of the principal of such funds for his own use and maintenance". Upon Watts' death, "any balance of the principal of said fund then remaining" was to be distributed to Loughran's grandnieces and grandnephews, petitioners in this proceeding.

In 1984, Watts invaded the principal of the trust created under Loughran's will and in 1988 transferred the assets to an

inter vivos trust, created on his behalf by respondent, his attorney-in-fact, by a trust instrument providing, *inter alia,* for continuation of the trust during Watts' lifetime and for an additional 10 years thereafter, following which the balance then remaining in the trust was to be distributed to petitioners. Watts died in September 1988 and petitioners instituted this proceeding against respondent, as executor of Watts' estate, to compel an accounting of Watts' proceedings as legal life tenant under Loughran's will. Surrogate's Court determined that Watts exceeded his powers in invading the testamentary trust and transferring the assets to the inter vivos trust, and directed respondent to file an account. Respondent appeals.

There should be an affirmance. While there is no question that Watts had essentially unfettered control over the use of the assets of the residuary estate for his own support and maintenance *(see,* 56 NY Jur 2d, Estates, Powers and Restraints on Alienation, § 228, at 255), it is equally clear that appropriation without consumption is insufficient to destroy or impair the interest of the remaindermen in the property *(see, Matter of Britt,* 272 App Div 426, 429; 56 NY Jur 2d, Estates, Powers and Restraints on Alienation, § 225, at 251-252). A life tenant with a right of disposition may not defeat the remaindermen's interest in property by merely executing a notice of election to appropriate the entire property to his own use, as was done here, or by disposing of the property by will or gift *(see, id.; see also, Vincent v Rix,* 248 NY 76, 81; *Terry v Wiggins,* 47 NY 512). In this case, the invasion and transfer of the assets of the residuary estate impermissibly delayed distribution of the unconsumed portion to petitioners beyond the time of Watts' death, to the sole benefit of respondent and the other trustees of the inter vivos trust.

As a final matter, we reject the contention that the decree of Surrogate's Court judicially settling the account of Watts and respondent as executors of the Loughran estate bars this proceeding. The decree neither expressly nor impliedly approved Watts' subsequent transfer of funds to the inter vivos trust. Moreover, because the unconsumed portion of the residuary legacy could not be ascertained until Watts' death, petitioners' remainder interest could not be determined until that time.

We have considered respondent's remaining contentions and find them to be meritless.

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.